# Emery v. Zoning Board of Adjustment

*Bruce E. Endy*, for appellant.

*Ronald H. Beifeld, Assistant City Solicitor*, contra.

LEDERER, *J.*, May 7, 1975—This case is before the court on a motion by the Zoning Board of Adjustment of Philadelphia, respondent, to quash an appeal from a decision of the Zoning Board of Adjustment by George F. Emery, appellant.

Respondent contends that appellant failed to perfect his appeal within the time allotted by the Philadelphia County Civil Rules and the regulations of the zoning board. Specifically, respondent claims appellant failed to serve petition for writ of certiorari upon the city solicitor within ten days after allowance by the court of the writ. Philadelphia County Civil Rule *27(a) states the controlling procedure in appeals from the zoning board and reads as follows:

"(a) Within ten days after the allowance by the Court of Common Pleas of a writ of certiorari, on petition to review a decision of the Zoning Board of Adjustment, the petitioner shall give notice in writing of the term and number of such appeal, to all persons who shall have entered an appearance in writing in the proceedings before the Zoning Board of Adjustment stating the address and the name of the person or attorney to which it is wished the notice to be sent. The appellant shall serve a copy of petition and rule for a certiorari upon the city solicitor."

Respondent filed a petition for writ of certiorari on October 30, 1974, appealing a decision of the Zoning Board of Adjustment filed on October 18, 1974. This was within 30 days, as required by section 14-1806 of the Philadelphia Code. Appellant also furnished the prothonotary with two copies of his petition for service upon the zoning board and city solicitor in compliance with Philadelphia County Civil Rule *1(a) and Pa.R.C.P. 4. On November 1, 1974, the court entered its order granting appellant's petition and ordering that a writ of certiorari be granted. The petition for writ of certiorari was not served upon the city solicitor until February 14, 1975.

Appellant did all that he was required to do to perfect his appeal.

Philadelphia County Civil Rule *27(a) does not require appellant to serve a copy of the petition upon the city solicitor within any given time period. The ten-day time period refers only to written notice of the term and number of the appeal, and not to service of a copy of the petition. Service of the petition must be within a reasonable time.

Although service of the petition did not occur

until February 14, 1975, respondent was not prejudiced by such delay. Pa.R.C.P. 126 states:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Consequently, respondent's motion to quash the appeal will be denied.

## ORDER

And now, May 7, 1975, the Zoning Board of Adjustment's motion to quash appeal is hereby denied.